**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

RITA R. JOHNSON,
    Plaintiff,

v.

CITY OF SAGINAW and
WATER DEPARTMENT WORKER
NO. 1,
    Defendants
_____/

Case No.: 17-cv-13174
Honorable Thomas L. Ludington

**MOTION**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

GREGORY W. MAIR (P67465)
O'NEILL, WALLACE & DOYLE, PC
Attorney for Defendants
300 St. Andrews Dr, Suite 302
Saginaw, MI 48638
(989) 790-0960
gregmair@owdpc.com

**MOTION FOR RULE 11 SANCTIONS**

NOW COMES Plaintiff RITA R. JOHNSON, by and through counsel, and moves for sanctions pursuant to Fed.R.Civ.P. 11(c) in regards to Defendants' improper Motion to Dismiss (ECF No. 7). The undersigned conferenced with opposing counsel and concurrence was not granted. See LR 7.1. A copy of the safe harbor letter required under Rule 11 and the proof of service of this motion is on the last page of the brief.

1

## CONCISE STATEMENT OF THE ISSUES PRESENTED

Did Defendants violate Rule 11 of the Federal Rules of Civil Procedure in their Motion to Dismiss made pursuant to Rule 12(b)(6)?

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed.R.Civ.P. 11

**BRIEF**

This case is about the depravation of water delivery by Defendants CITY OF SAGINAW and WATER DEPARTMENT WORKER NO. 1 without required due process. The case was originally filed in state court and has been attempted to be removed to this Court. A motion to remand remains pending. See **ECF No. 3**. With that motion pending, Defendants hurriedly moved to dismiss the lawsuit in its entirety under Rule 12(b)(6). **ECF No. 7**. That motion made two intentional misstatements of law and fact which was the major premise of the motion, including:

    1.    Businesses have no due process rights which is directly contrary to decades of established judicial precedence, see *Grosjean v American Press Co, Inc*, 297 U.S. 233 (1936); *South Macomb Disposal Auth'y v. Twp of Washington*, 790 F.2d 500, 503 (CA 6, 1986).

    2.    That the *Notice of Immediate Suspension of Business Activity* included written notice and the opportunity to be heard about the Defendants' actions in terminating water delivery to Plaintiff's building, which is contrary to fact, see **Exhibit A.**

While an attorney can and should push the limits of law and client-desired remedies in cases, even doing so zealously, it cannot blatantly lie about facts and intentionally misstate the actual state of the law at the expense of the

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

opposing party. Such violates the rules of professional conduct and the obligations imposed by Rule 11 of the Federal Rules of Civil Procedure.

## MEMORANDUM OF LAW

By presenting a signed document to this Court, the signer makes certain representations including 1.) the filing is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; 2.) any legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and 3.) the factual contentions have evidentiary support. Fed.R.Civ.P. 11(b)(1)-(3). "The test for the imposition of Rule 11 sanctions is "whether the individual's conduct was reasonable under the circumstances." *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (CA 6, 1997). It is reviewed objectively. *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 959 (CA 6, 1990).

An opposing party can make a motion for imposition of sanctions for violations of the same and the Court must provide notice and a reasonable opportunity to respond to the violators. Fed.R.Civ.P. 11(c)(1)-(2). Any sanction selected "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(c)(4). A motion for sanctions must be made separately from any other

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

5

motion and must describe the specific conduct that allegedly violates the Court Rule. Fed.R.Civ.P. 11(c)(2). While wide discretion is given to this Court, de minimis sanctions imposed for violations are simply inadequate to deter Rule 11 violations. Victims of Rule 11 violations would have no incentive to file a motion for sanctions if their reward for successfully litigating the issue is only a tiny fraction of the amount of expenses incurred because of the sanctionable conduct. *Rentz v. Dynasty Apparel Indus.*, 556 F.3d 389, 402 (CA 6, 2009).

## ARGUMENT

With the issue of whether this case has been appropriately removed this Court pending, Defendants decided not to answer the complaint and instead filed a motion to dismiss under Rule 12(b)(6). In doing so, it must first make some sort of determination that none of Plaintiff's claims are *plausible* in law or fact—the relevant standard. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). By filing the motion instead of answering, discovery is delayed because the Rule 26 conference does not occur. See Fed.R.Civ.P.26(d)(1); Fed.R.Civ.P.26(f)(1).

In their motion, Defendants make two wildly false assertions. First, it argues that businesses and/or commercial operations do not enjoy due process protections under the Fourteenth Amendment. This argument has

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

6

been rejected since at least the 1930s. *Grosjean v American Press Co, Inc*, 297 U.S. 233 (1936). "A corporation is a 'person' within the meaning of the equal protection *and due process of law* clauses..." *Id.*, at 244. The Sixth Circuit has confirmed the same. *South Macomb Disposal Auth'y v. Twp of Washington*, 790 F.2d 500, 503 (CA 6, 1986). As such, these legal contentions of Defendant are not warranted by existing law and they did not offer any nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. This violates Fed.R.Civ.P. 11(b)(2).

Second, Defendants claim that they *did* give written notice that the City of Saginaw would be terminating water delivery services to Plaintiff's building, citing the *Notice of Immediate Suspension of Business Activity*. **ECF No. 7-4**. In that *Notice*, the City immediately suspended the business license of "RITA'S SOUTHERN SOUL CAFE." *Id.* Yet, there is not even one statement, sentence, word, or provision in that *Notice* indicating or even implying the City was suspending or had suspended the delivery of potable water provided by the City's water department—it was only giving notice about the suspending a business license and nothing more. This makes Defendants' factual contentions lacking evidentiary support in violation of Fed.R.Civ.P. 11(b)(3).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

7

Put together, the violations of Fed.R.Civ.P. 11(b)(2) and Fed.R.Civ.P. 11(b)(3) caused the violation of Fed.R.Civ.P. 11(b)(1) undertaking these improper activities for an improper purpose: to cause unnecessary delay and needlessly increase the cost of litigation by simply not filing an answer.

As such, Defendants and their counsel have violated Fed.R.Civ.P. 11(b)(1), Fed.R.Civ.P. 11(b)(2), and Fed.R.Civ.P. 11(b)(3). A sanction is required. Plaintiff requests this Court to direct Plaintiff's counsel to submit the amount of time he had to spend on responding to the Rule 12(b)(6) motion and writing this motion and fashion a total payable to Plaintiff for attorney time spent having to respond to false assertions of law and fact.

### RELIEF REQUESTED

WHEREFORE, Plaintiff RITA R. JOHNSON, by counsel, respectfully requests this Court to issue a Rule 11 sanction against Defendants and their counsel in amount determined by this Court to be appropriate thereunder.

Date: October 4, 2017   RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison  
OUTSIDE LEGAL COUNSEL PLC  
BY PHILIP L. ELLISON (P74117)  
PO Box 107 · Hemlock, MI 48626  
(989) 642-0055  
pellison@olcplc.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record, hereby certify that on the date stated below, I served a paper copy this motion to:

GREGORY W. MAIR
O'NEILL, WALLACE & DOYLE, PC
300 St. Andrews Dr, Suite 302
Saginaw, MI 48638

via US mail with postage prepaid and also provided an electroni courtesy copy via email to his known business email address.

Date: October 4, 2017    RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Attorney for Plaintiff

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

9