UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RITA R JOHNSON,

                Plaintiffs,                          Case No. 17-cv-13174

v                                                      Honorable Thomas L. Ludington

CITY OF SAGINAW and
JASON CABELLO,

                Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

On September 22, 2017, Plaintiff Rita R. Johnson filed suit in the Saginaw County Circuit Court against Defendants City of Saginaw and Water Department Worker No. 1. Johnson contends that Defendants "arbitrarily and capriciously turned off the water supply" to her business on May 7, 2011, "without notice or authority." Compl. at 2, ECF No. 10, Ex. B. Defendants removed the case to this Court several days later. ECF No. 1. On September 29, 2017, Johnson filed a motion to remand the case, arguing that it was improperly removed. ECF No. 3. Several days later, Defendants filed a motion to dismiss the suit. ECF No. 7. On December 20, 2017, the Court issued an opinion and order denying the motion to remand, denying the motion to dismiss, and resolving several other miscellaneous motions. ECF No. 23.

On January 5, 2018, the Court adopted a stipulation wherein the parties agreed to permit Johnson to file an amended complaint. ECF No. 27. The amended complaint in question identified Jason Cabello as the previously unnamed water department worker. ECF No. 28. On February 7, 2018, Johnson filed a motion for leave to file a second amended complaint. ECF No. 34. The proposed second amended complaint adds another Defendant, John Stemple. Johnson alleges that

Stemple is the "public official/employee . . . who directed the turning off of the delivery of water." Prop. Sec. Am. Compl. at 1. Defendants oppose the motion. For the following reasons, the motion for leave to file a second amended complaint will be granted in part.

**I.**

The first and proposed second amended complaint do not contain additional factual allegations. Accordingly, the summary of the factual allegations previously provided will be reproduced here. Rita Johnson owns and operates Rita's Southern Soul Café in Saginaw, Michigan. Am. Compl. at 2. She alleges that, on May 7, 2017, the City of Saginaw "arbitrarily and capriciously turned off the potable water supply" to her café. *Id.* Johnson was current on her payments at the time. Johnson believes that her water was turned off "in a backhanded way to shut down any use of Plaintiff's building." *Id.* At the filing of the original complaint, more than four months had passed "without the restoration of water services[,] . . . any notice of any sort of hearing to challenge the discontinuation of water services[,] . . . [and] without any opportunity or ability to end the discontinuation of water services." *Id.* Johnson's counsel has made verbal demands that the City of Saginaw and its employees turn on her water services, but, as of the filing of the complaint, that had not happened.

Johnson asserts two causes of action. First, she alleges that Defendants' actions have violated her substantive due process rights. She argues that Defendants "arbitrarily and/or capriciously ended Plaintiff's delivery of water without any ability or opportunity to have any process or procedure to halt the proposed depravation and/or seek its restoration." *Id.* at 3. She further alleges that "[e]nding water services when there is no on-going violations of City Ordinances or lack of payment makes the continued suspension of water services arbitrary and/or capricious, of such a character to shock the consciousness of this Court; and/or is an unreasonable

restriction is [sic] without a valid rational basis." *Id.* In Count Two, Johnson alleges that her procedural due process rights have been violated. Specifically, Defendants did not provide her with notice before they ended her water services, and they did not provide a pre- (or post-) deprivation hearing.

## II.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave and that "the court should freely give leave when justice so requires." Denial of a motion to amend is appropriate, however, "'where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

An amendment would be futile if the proposed amended complaint does not state a claim upon which relief can be based. A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted).

**III.**

In their response opposing the motion for leave to file a second amended complaint, Defendants explained that they have "no objection to the addition of Mr. Stemple as a Defendant in this case in his *official* capacity, but object[] to Mr. Stemple and Defendant Cabello being sued in their personal capacities." Def. Resp. Br. at 2, ECF No. 35 (emphasis in original). They argue that Johnson's complaint alleges injuries arising out of actions that the individual Defendants took in their official capacities as employees of the City of Saginaw. For that reason, Defendants argue that the motion for leave to amend should be denied.[1]

This argument is based on a misapprehension regarding the nature of § 1983 claims against municipal officials. The Supreme Court has provided a helpful articulation of the distinction between personal- and official-capacity suits:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. *See, e.g., Scheuer v. Rhodes*, 416 U.S. 232, 237–238, 94 S.Ct. 1683, 1686–1687, 40 L.Ed.2d 90 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. [*Brandon v. Holt*, 469 U.S. 464, 471–72 (1985).] It is not a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover

---

[1] At the outset, Johnson argues that Defendants' opposition should be disregarded because the motion to amend "does not involve *their* legal interests, but rather Mr. Stemple's interests." Pl. Reply Br. at 2 n.1, ECF No. 36 (emphasis in original). Johnson contends that the named Defendants thus lack standing to oppose the motion. This novel argument ignores the fact that a second amended complaint *will* impact the interests of the named Defendants, albeit less significantly than it will impact Mr. Stemple. First, the filing of another amended complaint will extend the litigation and require the named Defendants to file another answer. Second (and as Johnson recognizes in the remainder of his briefing) the addition of Mr. Stemple as a Defendant in his official capacity is, in essence, a claim against the municipality. As the real party in interest, the City of Saginaw has a manifest interest in the addition of another of its employees as a defendant in his official capacity.

- 4 -

on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

This distinction is important because it governs the kind of immunities a municipal employee may assert as a defense. Because "[s]uits against state officials in their official capacity therefore should be treated as suits against the State, . . . the only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (internal citations omitted). "While the plaintiff in a personal-capacity suit need not establish a connection to governmental 'policy or custom,' officials sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses such as objectively reasonable reliance on existing law." *Id.* (internal citations omitted).

Contrary to Defendants' argument, personal-capacity suits involve attempts "to impose personal liability upon a government official for actions he takes *under color of state law.*" *Graham*, 473 U.S. at 165 (emphasis added). The fact that Johnson's claims against Cabello and Stemple involve actions they took as municipal employees is, in fact, a required element of Johnson's personal-capacity claim against them.

Defendants' confusion may arise from the fact that Johnson has named Cabello and Stemple as Defendants in their official capacity *and* named the City of Saginaw as a Defendant. Because the claims against the individual Defendants in their official capacity are, in fact, claims against the City of Saginaw, these claims are duplicative. Some courts, when faced with this situation, have dismissed the claims against individual Defendants in their official capacities. *See Cotton v. D.C.*, 421 F. Supp. 2d 83, 86 (D.D.C. 2006) ("The court concludes, therefore, that it must treat the claims against the defendant as claims against D.C., and that including the defendant in

this claim is consequently duplicative."); *Baines v. Masiello*, 288 F. Supp. 2d 376, 384–85 (W.D.N.Y. 2003) ("[I]t would be redundant to allow the suit to proceed against the City of Buffalo and the individual city officials in their official capacities."); *McCachren v. Blacklick Valley Sch. Dist.*, 217 F. Supp. 2d 594, 599 (W.D. Pa. 2002) (same).

To summarize, Johnson's attempt to sue Cabello and Stemple in both their official and personal capacities is permissible. The fact that the suit arises out of actions Cabello and Stemple allegedly took while performing their duties for the City of Saginaw does not bar a personal-capacity claim. However, Johnson's attempt to sue the individual Defendants in their official capacity *and* sue the City of Saginaw is redundant and duplicative. Johnson's official-capacity claims are indistinguishable from her claims against the City of Saginaw. Johnson will be granted leave to file a second amended complaint. However, in order to clarify the correct framework for viewing the claims Johnson is advancing, the second amended complaint should name the individual Defendants only in their personal-capacities.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff Johnson's motion for leave to file a second amended complaint, ECF No. 34, is **GRANTED in part.**

It is further **ORDERED** that Plaintiff Johnson should file her second amended complaint in compliance with this order **on or before May 21, 2018.**

Dated: May 7, 2018                                        s/Thomas L. Ludington
                                                                                 THOMAS L. LUDINGTON
                                                                                 United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 7, 2018.

         s/Kelly Winslow
         KELLY WINSLOW, Case Manager