UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RITA R JOHNSON,

                   Plaintiffs,                            Case No. 17-cv-13174

v                                             Honorable Thomas L. Ludington

CITY OF SAGINAW and
JASON CABELLO,

                   Defendants.

_____/

**ORDER OVERRULING OBJECTION**

On September 22, 2017, Plaintiff Rita R. Johnson filed suit in the Saginaw County Circuit Court against Defendants City of Saginaw and Water Department Worker No. 1. Johnson contends that Defendants "arbitrarily and capriciously turned off the water supply" to her business on May 7, 2011, "without notice or authority." Compl. at 2, ECF No. 10, Ex. B. Defendants removed the case to this Court several days later. ECF No. 1. On September 29, 2017, Johnson filed a motion to remand the case, arguing that it was improperly removed. ECF No. 3. Several days later, Defendants filed a motion to dismiss the suit. ECF No. 7. On December 20, 2017, the Court issued an opinion and order denying the motion to remand, denying the motion to dismiss, and resolving several other miscellaneous motions. ECF No. 23. On January 5, 2018, Johnson filed an amended complaint pursuant to a stipulation. ECF No. 28. The first amended complaint named Jason Cabello as the water department worker identified anonymously in the original complaint.

Afterwards, the case entered discovery. ECF No. 33. On May 7, 2018, Johnson filed a second amended complaint have obtaining leave of the Court. ECF No. 39. The second amended complaint named John Stemple (the Chief Inspector for the City of Saginaw) as another Defendant.

On June 15, 2018, Johnson filed a motion to compel discovery and to sanction Defendant Stemple. ECF No. 41. A near identical motion followed one week later as to Defendant Cabello. *Id.*

In both motions, Johnson argued that the individual Defendants have provided inadequate discovery responses regarding a number of affirmative defenses the Defendants are advancing. Johnson believes that the affirmative defenses are either "patently frivolous" or noncognizable. Objs. at 3, ECF No. 57. Both motions were referred to Judge Morris.

On July 19, 2018, Judge Morris held a hearing on the two motions. At the conclusion of the hearing, Judge Morris issued a one page order. ECF No. 56. She ruled: "For the reasons further stated on the record, the Court denies Plaintiff's motions as filed. At the conclusion of the hearing plaintiff's counsel orally moved to construe the motions as a motions [sic] filed under 12(f). The court granted the oral motion and will order briefing." MJ Order, ECF No. 56. Several days later, Plaintiff filed an objection.

### I.

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; legal conclusions are reviewed under the plenary 'contrary to law' standard . . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "An order is contrary to law when it fails to apply or misapplies relevant

statutes, case law, or rules of procedure." *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

Objections to a magistrate judge's non-dispositive order must be both timely and specific. *See Slater v. Potter*, 28 F. App'x 512, 512 (6th Cir. 2002). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

## II.

In her objection, Johnson summarized Judge Morris's decision to construe the motions to compel as requests to strike. Objs. at 2. She states: "Plaintiff has no objection to the magistrate providing this relief and further briefing. Briefing has been further required of all parties. Pursuant to E.D. Mich. LR 72.2, Plaintiff is *not* seeking any form of stay upon the filing of this objection." *Id.* (emphasis added) (internal citations omitted). Later in the same filing, Johnson explains, "Plaintiff has no objection to the magistrate reviewing these matters as a motion to strike under Rule 12(f) but in <u>entirely</u> denying the motion to compel before the Rule 12(f) is resolved, Plaintiff will not ultimately know any of the factual or legal basis for any affirmative defenses that remains standing after the Rule 12(f) decision is rendered." *Id.* at 11.

Thus, Johnson is merely seeking to preserve her right to object to Judge Morris's decision to construe the motions to compel as motions to strike. Johnson has filed this objection now because she fears that, if Judge Morris declines to strike the affirmative defenses, Johnson might lose her right to challenge.

This needlessly complex posture demonstrates that Judge Morris's decision was not clearly erroneous or contrary to law. In fact, Johnson does not even specifically identify an error in any of Judge Morris's reasoning (because she agrees with her decision to construe the motions to compel as motions to strike). She seeks no relief now. Rather, Johnson's requested relief is entirely contingent on a future, hypothetical circumstance: Judge Morris's denial of the motions to strike. The motions to compel (now construed as motions to strike) remain pending. If, after Judge Morris resolves those motions, Johnson believes that errors were made (in either the decision to construe the motions as motions to strike or in the decision regarding whether to strike), she may then file objections. Presently, however, the only decision which Judge Morris has made is to construe the motions differently. Johnson does not challenge that decision, and so she has identified no error in Judge Morris's decision.

Accordingly, it is **ORDERED** that Plaintiff Johnson's objection, ECF No. 57, is **OVERRULED.**

Dated: July 27, 2018                                 s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 27, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager