UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RITA R JOHNSON,

                Plaintiffs,                Case No. 17-cv-13174

v                                              Honorable Thomas L. Ludington

CITY OF SAGINAW and
JASON CABELLO,

                Defendants.
_____/

**OPINION AND ORDER DENYING MOTION TO AMEND**

On September 22, 2017, Plaintiff Rita R. Johnson filed suit in the Saginaw County Circuit Court against Defendants City of Saginaw and Water Department Worker No. 1. Johnson contends that Defendants "arbitrarily and capriciously turned off the water supply" to her business on May 7, 2011, "without notice or authority." Compl. at 2, ECF No. 10, Ex. B. Defendants removed the case to this Court several days later. ECF No. 1. On September 29, 2017, Johnson filed a motion to remand the case, arguing that it was improperly removed. ECF No. 3. Several days later, Defendants filed a motion to dismiss the suit. ECF No. 7. On December 20, 2017, the Court issued an opinion and order denying the motion to remand, denying the motion to dismiss, and resolving several other miscellaneous motions. ECF No. 23. On January 5, 2018, Johnson filed an amended complaint pursuant to a stipulation. ECF No. 28. The first amended complaint identified Jason Cabello as the water department worker identified anonymously in the original complaint.

Afterwards, the case entered discovery. ECF No. 33. On May 7, 2018, Johnson filed a second amended complaint having obtained leave of the Court. ECF No. 39. The second amended

complaint named John Stemple (the Chief Inspector for the City of Saginaw) as another Defendant. On July 19, 2018, Johnson filed a motion for leave to file a third amended complaint. ECF No. 53.

**I.**

The second and proposed third amended complaint do not contain additional factual allegations. Accordingly, the summary of the factual allegations previously provided will be reproduced here. Rita Johnson owns and operates Rita's Southern Soul Café in Saginaw, Michigan. Am. Compl. at 2. She alleges that, on May 7, 2017, the City of Saginaw "arbitrarily and capriciously turned off the potable water supply" to her café. *Id.* Johnson was current on her payments at the time. Johnson believes that her water was turned off "in a backhanded way to shut down any use of Plaintiff's building." *Id.* At the filing of the original complaint, more than four months had passed "without the restoration of water services[,] . . . any notice of any sort of hearing to challenge the discontinuation of water services[,] . . . [and] without any opportunity or ability to end the discontinuation of water services." *Id.* Johnson's counsel has made verbal demands that the City of Saginaw and its employees turn on her water services, but, as of the filing of the complaint, that had not happened.

In her second amended complaint, Johnson asserted two causes of action. First, she alleged that Defendants' actions violated her substantive due process rights. She argues that Defendants "arbitrarily and/or capriciously ended Plaintiff's delivery of water without any ability or opportunity to have any process or procedure to halt the proposed depravation and/or seek its restoration." *Id.* at 3. She further alleges that "[e]nding water services when there is no on-going violations of City Ordinances or lack of payment makes the continued suspension of water services arbitrary and/or capricious, of such a character to shock the consciousness of this Court; and/or is an unreasonable restriction is [sic] without a valid rational basis." *Id.* In Count Two, Johnson

alleges that her procedural due process rights have been violated. Specifically, Defendants did not provide her with notice before they ended her water services, and they did not provide a pre- (or post-) deprivation hearing.

In her third amended complaint, Johnson asserts a third cause of action. She claims that as applied to her, Michigan Building Code §112.3 violated her procedural due process rights. The code permits a building official to disconnect utility services in a case of emergency, but Johnson argues that "[t]here was no case of any immediate or on-going emergency necessitating [sic] to eliminate an immediate hazard to life or property." Third Am. Compl. at 9. For the following reasons, Johnson's motion to file a third amended complaint will be denied.

## II.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave and that "the court should freely give leave when justice so requires." Denial of a motion to amend is appropriate, however, where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

An amendment would be futile if the proposed amended complaint does not state a claim upon which relief can be based. A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment]

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678-79 (quotations and citation omitted).

### III.

In their response opposing Johnson's motion for leave to file a third amended complaint, Defendants argue that permitting Johnson to file a third amended complaint would be futile. Defendants allege that the added claim cannot withstand a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Michigan Building Code §112.3 is constitutional. Def.'s Resp. to Third Am. Compl. at 4. Defendant contends that §112.3 cannot be construed as unconstitutional because "a predeprivation notice and hearing is not always required in emergency situations." Def.'s Resp. at 6.

It is well settled that a pre-deprivation hearing is not always required by due process. *See e.g., United Pet Supply, Inc. v. City of Chattanooga, Tenn.*, 768 F.3d 464, 486 (6th Cir. 2014). *See also Matthews*, 424 U.S. at 343 (identifying "the ordinary principle, established by our decisions, that something less than an evidentiary hearing is sufficient prior to adverse administrative action"). However, "exceptions to the general rule requiring predeprivation notice and hearing" are appropriate only in "'extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event.'" *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53 (1993) (quoting *Fuentes v. Shevin*, 407 U.S. 67, 82 (1972)). Exceptions to the predeprivation hearing requirement include "situations where a government

official reasonably believed that immediate action was necessary to eliminate an emergency situation," *United Pet Supply, Inc.*, 768 F.3d at 486, and "situations where a predeprivation hearing is unduly burdensome in proportion to the liberty interest at stake." *Zinermon v. Burch*, 494 U.S. 113, 132 (1990).

Under these parameters, Defendants argue that Michigan Building Code §112.3 is constitutional. It provides:

> The building official shall have the authority to authorize disconnection of utility service to the building, structure or system regulated by the code and the referenced codes and standards set forth in Section 101.4 in case of emergency where necessary to eliminate an immediate hazard to life or property or when such utility connection has been made without the approval required by Section 112.1 or 112.2. The building official shall notify the serving utility, and whenever possible the owner or occupant of the building prior to taking such action. If not notified prior to disconnecting, the owner or occupant of the building, structure or service system shall be notified in writing, as soon as practical thereafter.

Michigan Building Code §112.3. §112.3 complies with the exception to predeprivation proceedings because it allows a building official to disconnect utilities in cases of emergency when "quick action" is presumably necessary. *Harris*, 20 F.3d at 1401. Defendants claim that since Michigan Building Code §112.3 is constitutional, Johnson's third amended complaint should not be permitted because she is simply challenging the constitutionality of §112.3.

Johnson claims that she is "not seeking to facially challenge Michigan Building Code §112.3 but the way Defendants are utilizing it – an as-applied challenge." Pl.'s Reply, ECF 60 at 4–5. However, this is a mischaracterization of Johnson's claim because she ultimately argues that Michigan Building Code §112.3 was not applicable to her situation. *Id.* at 9–10. ("There was no case of any immediate or on-going emergency necessitating [sic] to eliminate an immediate hazard to life or property…and thus Michigan Building Code §112.3 is not applicable.").Thus, Johnson's claim cannot be considered an "as-applied challenge." If the Court were to accept her reasoning,

it would be impossible for it to find that §112.3 as applied to Johnson violated her rights since §112.3 was never applicable in the first place (according to Johnson's line of reasoning).

Rather, Johnson is challenging the constitutionality of Defendant's *misapplication* of §112.3 against her. Pl.'s Mot. for Third Am. Compl., ECF 53 at 10 ("In applying Michigan Building Code §112 by Defendants in the manner undertaken, Michigan Building Code §112.3 violates the procedural due process rights of Plaintiff Rita R. Johnson."). However, misapplication of a state law cannot be considered a violation of due process. The Supreme Court in *Engle v. Isaac* held that "[w]e have long recognized that a 'mere error of state law' is not a denial of due process." 456 U.S. 107, 121 n. 21 (1982), quoting *Gryger v. Burke*, 334 U.S. 728, 731 (1948).

Defendants claim to have been acting in accordance with §112.3 because they disconnected Johnson's water in response to an emergency. Johnson claims that Defendants were not acting in accordance with §112.3 because there was no emergency. Third Am. Compl. at 9–10. Whether or not an emergency existed for purposes of §112.3, the fact that Defendants may have misapplied §112.3 does not automatically create a violation of due process. Defendants may or may not have violated Johnson's due process rights by not providing a predeprivation hearing, but the misapplication of §112.3 alone does not constitute a procedural due process violation.

Johnson has already raised the claim that Defendants violated her procedural due process rights in Count Two of her second amended complaint. Pl.'s Second Am. Compl., ECF No. 39 at 5–6. This additional claim in Count Three is simply a rebuttal masked as an amended complaint. An amended complaint is not the appropriate place to raise such a rebuttal.

A court should freely allow a party to amend its complaint when "justice so requires" and doing so would not be futile. Fed. R. Civ. P. 15(a)(2). Allowing Johnson to amend her complaint would be futile because she has not brought an actionable claim. She is not challenging the

constitutionality of Michigan Building Code §112.3, but instead Defendant's misapplication of §112.3.

## IV.

Accordingly, it is **ORDERED** that Plaintiff Johnson's motion for leave to file a third amended complaint, ECF No. 53, is **DENIED**.


Dated: August 27, 2018                    s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge


PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 27, 2018.

                    s/Kelly Winslow
                    KELLY WINSLOW, Case Manager