UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RITA R. JOHNSON,

    *Plaintiff*,                      CASE NO. 17-CV-13174

v.                                  DISTRICT JUDGE THOMAS LUDINGTON
                                      MAGISTRATE JUDGE PATRICIA MORRIS

CITY OF SAGINAW,
WATER DEPARTMENT WORKER NO. 1,
JASON CABELLO,
and JOHN STEMPLE,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFF'S, as construed, MOTION TO STRIKE AFFIRMATIVE DEFENSES**
(Docs. 41, 44, 56)

## I.    RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Motion to Strike Affirmative Defenses be **GRANTED IN PART** and **DENIED IN PART**, as follows:

That the motion be **GRANTED** as to the following affirmative defenses which I recommend be **stricken**: one (A), three (C), four (D), seven (G), nine (I), ten (J), and twelve (L).

That the motion be **DENIED** in all other respects.

## II.    REPORT

### A.    Background

By order of U.S. District Judge Thomas L. Ludington, the above referenced motions were referred to the undersigned magistrate judge. (Docs. 42, 46.) Responses and replies were filed

(Docs. 47, 48, 50, 51.) Oral argument was held on July 19, 2018, and at that time, Plaintiff asked for her motions to be construed as a motion to strike affirmative defenses under Fed. R. Civ. P. 12(f), the Court construed the motion as such and allowed briefing on the issues raised under Rule 12(f). Defendants filed, with permission of the Court, a new answer and new affirmative defenses. (Docs. 64, 65.) Therefore, the relevant affirmative defenses at issue are those as stated in the newly filed affirmative defenses. (Doc. 65.) Defendants filed their brief on August 9, 2018 (Doc. 68) and Plaintiff filed her brief on August 21, 2018. (Doc. 69.)

The instant lawsuit involves claims that defendants arbitrarily and capriciously turned off the potable water supply to a building Plaintiff owns in the City of Saginaw wherein she operates a restaurant. Plaintiff avers the following claims in her second amended complaint: (1) violation of Plaintiff's fourteenth amendment substantive due process rights under 42 U.S.C. § 1983; and (2) violation of Plaintiff's procedural due process rights under 42 U.S.C. § 1983. (Doc. 39.) Plaintiff's motion to file a third amended complaint which would have added a third count sounding in procedural due process was denied. (Doc. 53, 70.)

### B. Affirmative Defense Standards

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An affirmative defense is "'held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense.'" *Lawrence v. Chabot*, 182 Fed. App'x 442, 456 (6th Cir. 2006) (quoting Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1274); *accord, Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir. 1998).

In 2007 and 2009, the United States Supreme Court issued opinions which altered the standard by which the sufficiency of allegations in a complaint is to be viewed. In *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Court held that a complaint must set forth "enough facts to state a claim of relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

In 2009, the Supreme Court explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination were insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Thus, "a court considering a motion to dismiss can choose

to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

The Sixth Circuit has yet to decide whether the new pleading standards announced in *Twombley* and *Iqbal* apply to affirmative defenses and the district courts are divided on the issue. Some district courts within the circuit have held that the *Twombly/Iqbal* standards apply to affirmative defenses because of the underlying rationale behind those standards, i.e., requiring clarity in pleadings and avoiding needless discovery costs. *See, e.g.,HCRI TRS Acquirer, LLC v. Iwer*, No. 3:09 CV 2691, 2010 WL 1704236, at * 3 (N.D. Ohio April 28, 2010) (and cases cited therein). Other district courts have noted that the *Twombly* and *Iqbal* decisions did not mention affirmative defenses and that Rule 8(b) and (c) do not require that the defendant "show" he is entitled to prevail and thus, have thus held that the standards set forth in *Twombly* and *Iqbal* do not apply to affirmative defenses. *See, e.g., Nexterra Systems Corp. v. DeMaria Building Co., Inc.,* No. 16-13454, 2017 WL 345682, *1-2 (E.D. Mich. Jan. 24, 2017)(concluding that precedent and the language of the rules weigh against application of *Twombly* and *Iqbal*'s heightened pleading standard to affirmative defenses); *Martin v. Trott Law, P.C.,* 265 F. Supp. 3d 731, 737 (E.D. Mich. 2017); *McLemore v. Regions Bank*, Nos. 3:08-cv-0021, No. 3:08-cv-1003, 2010 WL 1010092, at * 13 (M.D. Tenn. Mar. 18, 2010) (and cases cited therein). Still other district courts have chosen "not to weigh in on this issue because even assuming *Twombly* applies . . . [defendant's] affirmative defense sufficiently meets that standard." *Del-Nat Tire Corporation v. A to Z Tire & Battery, Inc.*, No. 2:09-cv-02457-JPM-tmp, 2009 WL 4884435, at * 2 (W.D. Tenn. Dec. 8, 2009).

After review of the case law, and consideration of the principles underlying *Twombly* and *Iqbal,* however, I suggest that in this case the result would be the same under either standard.

### C. Analysis and Conclusions

Although Defendants' original set of affirmative defenses to Plaintiff's second amended complaint contained 17 affirmative defenses (Doc. 40), Defendants' most recent filing, and the operative one for purposes of this motion, raises 12 modified affirmative defenses, changing language or adding factual support. (Doc. 65.) Defendants raise the following affirmative defenses: (1) Plaintiff lacks standing because the case is moot since her business license has been suspended and any alleged injury is not likely to recur; (2) Defendants Stemple and Cabello are entitled to qualified immunity; (3) Defendants Stemple and Cabello are entitled to governmental immunity because they acted consistent with state law on behalf of the City of Saginaw; (4) since Plaintiff was afforded notice and an opportunity to be heard in a meaningful time and manner at a hearing held on May 11, 2017, her claim of procedural due process is barred; (5) Plaintiff's claims are barred by collateral estoppel, res judicata and law of the case doctrine based on case no. 17-2519 currently pending before the Sixth Circuit Court of Appeals; (6) Plaintiff's claims are not ripe because she failed to exhaust remedies by failing to appeal the decision rendered by the City of Saginaw during the May 11, 2017, hearing; (7) Plaintiff has failed to identify any damages let alone any economic damages; (8) Plaintiff has failed to mitigate any alleged damages by failing to timely clean or remove any waste from her restrooms or make timely request to the City of Saginaw that water service be restored; (9) the City of Saginaw has maintained a practice of terminating water service consistent with cessation or suspension of a business license in emergency situations for the health, safety and welfare of its citizens; (10) the City of Saginaw

acted pursuant to the Michigan Building Code and its ordinances; (11) the City of Saginaw's decision at the hearing on May 11, 2017, was not a final decision; and (12) all Defendants reserve the right to amend the affirmative defenses.

Under Rule 8(c)(1) of the Federal Rules of Civil Procedure, a party must state any affirmative defense in his responsive pleading, e.g., answer, "including: accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver." The list is not exhaustive but is fairly comprehensive. An affirmative defense is "any matter that serves to excuse the defendant's conduct or otherwise avoid the plaintiff's claim, but which is proven by facts extrinsic to the plaintiff's claim." 61A Am. Jur. 2d Pleading §300, see also Wright & Miller, 5 Fed. Prac. and Proc. § 1270 (3d ed.).

As to the first affirmative defense that Plaintiff lacks standing, "[b]ecause a plaintiff must plead and ultimately prove standing, lack of standing is not an affirmative defense under federal law." *DeLage Landen Fin. Servs. v. M.D.M. Leasing Corp.*, No. 07 C 0045, 2007 WL 4355037, at *3 (N.D. Ill. Dec. 10, 2007), cited with approval in *Worley v. Municipal Collections of America, Inc.*, No. 14 C 2418, 2015 WL 890878, at *2 (N.D. Ill. Feb. 27, 2015). I therefore suggest that this affirmative defense cannot meet either the fair notice or the *Twombly/Iqbal* standard and should be stricken.

As to the second affirmative defense, qualified immunity, a motion to strike under 12(f) "is not a good fit for resolving issues like qualified immunity which often turns on facts yet to be developed." *Atkins v. Pickard*, 298 F. App'x 512, 513 (7th Cir. 2008). Therefore, I suggest that this

6

affirmative defense satisfies the fair notice and the *Twombly/Iqbal* standard and should not be stricken.

As to the third affirmative defense, governmental immunity, MCL 691.1407, Plaintiff has not alleged any state law claim for gross negligence; therefore, the governmental immunity defense under state law does not apply. *See, Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012). Therefore, this affirmative defense should be stricken.

As to the fourth affirmative defense, that Plaintiff was given the process due her (at the hearing held on May 11, 2017) so her procedural due process claim is "barred," I find that this is an ordinary defense, not an affirmative one. "[A]n assertion that Plaintiff has not proved essential elements of her claim" is "not an affirmative defense" and should be stricken. *Roe v. City of San Diego*, 289 F.R.D. 604, 612 (S.D. Cal. 2013); *accord*, *Edwards v. Mack Trucks, Inc.*, 310 F.R.D. 382, 386 (N.D.Ill. 2015)("mere denials of the Plaintiff's complaint are insufficient to withstand a motion to strike"). Accordingly, this defense should be stricken.

As to the fifth, sixth and eleventh affirmative defenses, raising collateral estoppel, res judicata failure to exhaust, and correspondingly, that the May 11, 2017 hearing decision was not final, these defenses are properly labeled affirmative defenses and Plaintiff's brief does not challenge their relevancy; thus, these defenses should not be stricken.

As to the seventh affirmative defense that Plaintiff has not identified damages let alone any economic damages, I suggest that this defense is another "assertion that Plaintiff has not proved essential elements of her claim," which is "not an affirmative defense" and should be stricken. *Roe*, *Edwards*.

As to the eighth affirmative defense, contending that Plaintiff has failed to mitigate damages by not timely cleaning waste from restrooms or requesting that water service be restored, I suggest that this affirmative defense satisfies the fair notice and the *Twombly/Iqbal* standard and should not be stricken.

As to affirmative defenses nine and ten, asserting that Defendants have a practice to act in accordance with the applicable laws and have acted in accordance with applicable laws, I again suggest that this defense that Defendants act and acted lawfully is another "assertion that Plaintiff has not proved essential elements of her claim" is "not an affirmative defense" and should be stricken. *Roe*, *Edwards*.

Finally, the twelfth affirmative defense merely reserves the right to amend with other affirmative defenses. This "reservation is improper" because it "subverts Federal Rule of Procedure 15, which allows a party to move for leave to amend a responsive pleading" should the need arise. *Paducah River Painting v. McNational, Inc.*, No. 5:11-cv-00135-R, 2011 WL 5525938, at *5 (W.D. Ky Nov. 14, 2011). Therefore, this reservation should be stricken.

### D.  Summary

For all the reasons stated above, I suggest that the motion to strike affirmative defenses be granted in part, striking the following affirmative defenses: one (A), three (C), four (D), seven (G), nine (I), ten (J), and twelve (L). I further suggest that the motion be denied in all other respects.

### III. <u>REVIEW</u>

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific

written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 30, 2018        S/ PATRICIA T. MORRIS
                             Patricia T. Morris
                             United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: August 30, 2018                                By <u>s/Kristen Castaneda</u>
                                                                          Case Manager