UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RITA R. JOHNSON,

        Plaintiff,                      Case No. 17-13174

v                                          Honorable Thomas L. Ludington

CITY OF SAGINAW,
WATER DEPARTMENT WORKER NO. 1,
JASON CABELLO,
and JOHN STEMPLE,

        Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTIONS, AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

On September 22, 2017, Plaintiff Rita R. Johnson filed suit in the Saginaw County Circuit Court against Defendants City of Saginaw and Water Department Worker No. 1. Johnson contends that Defendants "arbitrarily and capriciously turned off the water supply" to her business on May 7, 2011, "without notice or authority." Compl. at 2, ECF No. 1, Ex. 1. Defendants removed the case to this Court several days later. ECF No. 1. On September 29, 2017, Johnson filed a motion to remand the case, arguing that it was improperly removed. ECF No. 3. Several days later, Defendants filed a motion to dismiss the suit. ECF No. 7. On December 20, 2017, the Court issued an opinion and order denying the motion to remand, denying the motion to dismiss, and resolving several other miscellaneous motions. ECF No. 23. On January 5, 2018, Johnson filed an amended complaint pursuant to a stipulation. ECF No. 28. The amended complaint identified Jason Cabello as the water department worker identified anonymously in the original complaint.

Afterwards, the case entered discovery. ECF No. 33. On May 7, 2018, Johnson filed a second amended complaint having obtained leave of the Court. ECF No. 39. The second amended

complaint named John Stemple (the Chief Inspector for the City of Saginaw) as another Defendant. On July 19, 2018, Johnson filed a motion for leave to file a third amended complaint. ECF No. 53. The third amended complaint would have added the claim that Defendants violated Johnson's procedural due process rights in their application of Michigan Building Code §112.3. ECF No. 53-1. The motion was denied. ECF No. 70.

On June 15, 2018, Johnson filed a motion to compel and a motion for sanctions against Defendant Stemple. ECF No. 41. On June 20, 2018, the motion was referred to Magistrate Judge Morris. ECF No. 42. On June 21, 2018, Johnson filed a motion to compel against Defendant Cabellos. ECF No. 44. On June 27, 2018, the motion was referred to Judge Morris. ECF No. 46. On July 19, 2018, Judge Morris heard oral arguments and Johnson requested that her motions be construed as a motion to strike affirmative defenses under Fed. R. Civ. P. 12(f). ECF No. 45; ECF No. 71 at 2. Judge Morris granted Johnson's request and approved briefing on the issue. ECF No. 71 at 2. On August 1, 2018, Defendants filed a new answer and new affirmative defenses. ECF No. 64, 65. On August 9, 2018, Defendants filed their brief and on August 21, 2018, Johnson filed her brief. ECF Nos. 68, 69.

On August 30, 2018, Judge Morris issued a report recommending that seven of Defendants' twelve affirmative defenses be struck (Defenses A, C, D, G, I, J, and L). ECF No. 71. Affirmative defense A argued that Johnson lacked "standing to bring the current suit as it is moot" because her business license was suspended. ECF No. 65 at 2. Judge Morris determined that lack of standing was not an affirmative defense. ECF No. 71 at 6. Defense C argued that Defendants Stemple and Cabello were entitled to governmental immunity. ECF No. 65 at 2. Judge Morris reasoned that Johnson did not allege any state law claim for gross negligence and therefore, the defense of governmental immunity was not applicable. ECF No. 71 at 7. Defense D argued that Johnson was

given notice and an opportunity to be heard. ECF No. 65 at 2. Judge Morris concluded that this was an ordinary defense, not an affirmative defense. ECF No. 71 at 7.

Defense G argued that Johnson failed to allege any damages. Defenses I and J alleged that the City of Saginaw had a practice of complying with laws applicable to water cessation. ECF No. 65 at 3–4. Judge Morris determined that none of these three defenses constituted an affirmative defense because they simply asserted that Johnson had not proved an essential element of her claim. ECF No. 71 at 7–8. Defense L reserved Defendants' right to amend their affirmative defenses. Judge Morris concluded that this was not an affirmative defense, but instead a reservation.

Although Judge Morris's report explicitly stated that the parties to this action may object to and seek review of the recommendation within fourteen days of service of the report, neither Plaintiff nor Defendant filed any objections. The election not to file objections to the Magistrate Judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and recommendation waives any further right to appeal.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation, ECF No. 71, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's motions to compel and motions for sanctions, ECF Nos. 41, 44, are **DENIED** as moot and are construed as a motion to strike affirmative defenses.

It is further **ORDERED** that Plaintiff's motion to strike affirmative defenses is **GRANTED IN PART** and **DENIED IN PART**.

- 4 -

It is further **ORDERED** that Defendants' Affirmative Defenses A, C, D, G, I, J, and L are **STRUCK**.

Dated: October 1, 2018          s/Thomas L. Ludington
                                THOMAS L. LUDINGTON
                                United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 1, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager