UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RITA R JOHNSON,

                Plaintiffs,                            Case No. 17-cv-13174

v                                                                  Honorable Thomas L. Ludington

CITY OF SAGINAW,
JASON CABELLO,
JOHN STEMPLE

                Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND
GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS**

On September 22, 2017, Plaintiff Rita R. Johnson filed suit in the Saginaw County Circuit Court against Defendants City of Saginaw (the "City") and Water Department Worker No. 1. Johnson contended that Defendants "arbitrarily and capriciously turned off the water supply" to her business on May 7, 2011, "without notice or authority." Compl. at 2, ECF No. 10, Ex. B. Defendants removed the case to this Court several days later. ECF No. 1. On September 29, 2017, Johnson filed a motion to remand the case, arguing that it was improperly removed. ECF No. 3. Several days later, Defendants filed a motion to dismiss the suit. ECF No. 7. On December 20, 2017, the Court issued an opinion and order denying the motion to remand, denying the motion to dismiss, and resolving several other miscellaneous motions. ECF No. 23. On January 5, 2018, Johnson filed an amended complaint pursuant to a stipulation. ECF No. 28. The first amended complaint identified Jason Cabello as the water department worker identified anonymously in the original complaint.

Afterwards, the case entered discovery. ECF No. 33. On May 7, 2018, Johnson filed a second amended complaint having obtained leave of the Court. ECF No. 39. The second amended complaint named John Stemple (the Chief Inspector for the City of Saginaw) as another Defendant. On July 19, 2018, Johnson filed a motion for leave to file a third amended complaint which the Court denied. ECF No. 53, 70.

On November 19, 2018, Defendants filed a motion for summary judgment. ECF No. 74. Two days later, Johnson filed a motion for partial summary judgment. ECF No. 75. Defendants' motion was denied. ECF No. 84. Plaintiff's motion was granted in part and denied in part. *Id.* Defendants Stemple and Cabello were found liable, but the City was not. *Id.* Johnson subsequently filed a motion for reconsideration, arguing that she had sufficiently pled facts and a legal theory against the City in her complaint. ECF No. 85. Defendants submitted a response to the motion as well as a notice of appeal. ECF No. 88, 90. The City also filed a motion to stay the proceedings pending resolution of their appeal. ECF No. 89.

For the following reasons, the motion for reconsideration will be denied and the motion to stay proceedings will be granted.

### I.

### A.

Rita Johnson owns and operates Rita's Southern Soul Café in Saginaw, Michigan. Am. Compl. at 2, ECF No. 39. She rents out the space on weekends for various events, such as parties, receptions, and baby showers. Johnson Dep. at 16, ECF No. 74-2. On May 5, 2017, Johnson rented the space to Andrick Pruitt for a birthday party. *Id.* at 47–48. Pruitt had hired a security company to provide eighteen security guards for the party. *Id.* at 48; Hearing Transcript May 11, 2017 at 12, ECF No. 74-3. Some of the guards were wearing bulletproof vests and at least one carried an AK-

47 style assault rifle. ECF. No. 74-3 at 16. Around 1:45a.m. the morning of May 6, 2017, approximately sixty shots were fired at the building as the party was still ongoing. ECF No. 74-2 at 47; ECF No. 74-3 at 14; ECF No. 75-12 at ¶12. The Saginaw police chief, Robert Ruth, believed the incident was gang related. ECF No. 74-3 at 80.

The Saginaw police informed Defendant Stemple, Chief Inspector for the City of Saginaw, about the incident and Stemple determined that Johnson's water services should be suspended to prevent any further activities from occurring at the premises. Stemple Dep. at 9, 50, ECF No. 74-4. The evening of May 6, Stemple instructed Joe Gough, Water Department Foreman, to suspend Johnson's water services. Gough Dep. at 6, ECF No. 74-5. Gough contacted Defendant Cabello, a Saginaw Water Department utility worker, to perform the suspension. *Id.* at 7. A work order was issued and Cabello shut off the water services to Johnson's business. Cabello Dep. at 12, 22, ECF No. 74-6.

The City provided Johnson no notice that it was suspending her water services. *Id.* at 16; Gough Dep. at 9–10, ECF No. 75-10. On May 8 however, the City provided her notice that it had suspended her business license. Notice of Suspension, ECF No. 74-8. The notice provided

> PLEASE BE ADVISED THAT PURSUANT TO THE CITY OF SAGINAW ("CITY") CODE OF ORDINANCE, **ALL ACTIVITY** RELATED TO THE USE AND/OR OPERATION OF THE PROPERTY LOCATED AT 110 N. WASHINGTON AVENUE SAGINAW MI 48601, ALSO KNOWN AS "RITA'S SOUTHERN SOUL CAFÉ" (ESTABLISHMENT") IS HEREBY SUSPENDED, **EFFECTIVE MAY 8, 2017**.

*Id.* (bold and underline present in original). The notice further provided that pursuant to Ordinance O-1 Sec. 110.06(F), a hearing would be held on May 11, 2017 where Johnson could present a defense against the suspension. *Id.* The City held the hearing, granting Johnson the opportunity to be heard and to present witnesses and evidence. *See* Hearing Transcript, May 11, 2017, ECF No. 74-3.

Johnson's water services continued to be suspended following the business license suspension hearing. Johnson claims that she contacted the City requesting that her water services be reinstated, but that her water remained turned off. Johnson Aff. at ¶33, ECF No. 75-12. The City represents that it has no record of Johnson making such a request. ECF No. 74-4 at 26. It was not until after Johnson filed this lawsuit that her water services were reinstated, nearly five months after the City initially suspended them. ECF No. 75-12 at 4.

In her second amended complaint, Johnson asserted two causes of action. Second Am. Compl., ECF No. 39. First, she alleged that Defendants' actions violated her substantive due process rights. She argued that Defendants "arbitrarily and/or capriciously ended [her] delivery of water without any ability or opportunity to have any process or procedure to halt the proposed depravation and/or seek its restoration." *Id.* at 3. She further alleged that "[e]nding water services when there is no on-going violations of City Ordinances or lack of payment makes the continued suspension of water services arbitrary and/or capricious, of such a character to shock the consciousness of this Court; and/or is an unreasonable restriction is [sic] without a valid rational basis." *Id.* In Count Two, Johnson alleged that her procedural due process rights were violated. *Id.* at 5–6. Specifically, Defendants did not provide her with notice before they ended her water services, and they did not provide a pre- (or post-) deprivation hearing.

**B.**

In their motion for summary judgment, Defendants argued that they did not violate Johnson's due process rights and that in the alternative, Defendants Stemple and Cabello were entitled to qualified immunity which would in turn make the City immune from suit. ECF No. 74. In her response, Plaintiff stated "It is noteworthy and interesting that the City, as a defendant, has not made a separate challenge under *Monell* by their motion for summary judgment." ECF No. 77

at Note 9. In their reply, Defendants stated, "As to the City, Plaintiff points out that a challenge to *Monell* was not raised. An interesting assertion indeed. Plaintiff's Complaint alleges no facts that implicate the municipality under a *Monell* theory of liability." ECF No. 78 at 5. Defendants then argued that nowhere in Plaintiff's initial or amended complaints did she plead facts that would be cognizable under a *Monell* theory against the City. *Id.* at 5–6.

In her separate motion for partial summary judgment, Plaintiff argued that Defendants violated her due process rights and that the City was liable under a *Monell* theory. ECF No. 75. In their response, Defendants made a similar argument presented in their reply, arguing that Plaintiff failed to plead her claim under the *Monell* theory. ECF No. 79 at 18.

Plaintiff's motion for partial summary judgment and Defendants' motion for summary judgment were denied as to the claims against the City. ECF No. 84. The Court explained

> Johnson's second amended complaint does not set forth the necessary allegations for a *Monell* claim. Her complaint only makes allegations related to the single incident in which the City suspended her water services. Nowhere in the amended complaint does it allege that the City had a policy, practice, or procedure of suspending water services without due process. Johnson first raises such an argument in her motion for partial summary judgment. An argument raised in a motion for summary judgment is not a pleading.
>
> However, Johnson's claim against the City of Saginaw will not be dismissed. Defendants have not sought for its dismissal for failure to state a claim. Instead, they only allude to this argument in their response to Johnson's motion for partial summary judgment.

*Id.* at 22. The Court continued to explain that to dismiss a complaint for a failure to state a claim, a party must seek dismissal pursuant to Federal Rule of Civil Procedure 12(h)(2) in "a pleading, by a motion, or at trial." *Id.* at 23. Defendants first raised the argument in Defendants' reply to their motion for summary judgment and then in their response to Plaintiff's motion for partial summary judgment. As such, the Court held that the claim against the City would not be dismissed.

**II.**

Plaintiff has filed a motion for reconsideration. Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days of the order's entry. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

**III.**

**A.**

Plaintiff argues that "[i]n cases against a municipality, Section 1983 claims can *only* be successful if Plaintiff *proves*, not pleads, the *Monell* standard." ECF No. 85 at 1 (emphasis present in original). Plaintiff supports her argument by quoting "There are at least four avenues a plaintiff may take *to prove* the existence of a municipality's illegal policy or custom." *Id.* (quoting *Thomas v. City of Chattanooga*, 398 F3d 426, 429 (6th Cir. 2005)) (emphasis present in Plaintiff's brief). *Id.* Judging by Plaintiff's use of italics and underlining, Plaintiff is presumably implying that because *Thomas* did not include the term "plead," *Monell* only applies to what a party must

ultimately prove, not plead. However, simply because *Thomas* did not use the term "plead" does not eliminate the fact that a pleading standard exists for a *Monell* claim.

According to Federal Rule of Civil Procedure Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pr. 8(a)(2). Regarding claims made under a *Monell* theory, the Sixth Circuit has stated that "a §1983 plaintiff suing a governmental defendant must allege and prove the existence of a policy or custom of violating individuals' rights." *Foster v. Walsh*, 864 F.2d 416, 419 (6th Cir. 1988) (finding that the "failure to plead the existence of such a policy or custom…makes the complaint fatally defective."); *see also Fluellen v. U.S. Dep't of Justice Drug Enforcement Admin.*, 816 F. Supp. 1206, 1215 (E.D. Mich. 1993) ("A complete failure to plead a policy or custom would result in dismissal."); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (dismissing a claim where "plaintiffs [had] not pled the existence of an unconstitutional practice, custom or policy.").

Nowhere in Plaintiff's initial complaint, her first amended complaint, her second amended complaint, or her motion to file a third amended complaint does she present facts or allegations of the City engaging in an unconstitutional practice, custom, or policy. Her complaint addresses only the single incident of the City terminating her water services. It does not allege a broader custom or practice of the City of terminating water services in violation of due process. As such, Plaintiff's motion for reconsideration will be denied.

**B.**

In the alternative, Plaintiff asks that she be granted leave to file a third amended complaint. Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave and that "the court should freely give leave when justice so requires." Fed. R. Civ. Pr. 15(a)(2). Denial of a motion to amend is appropriate, however, where there is "undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff does not address any of these factors in her motion for reconsideration. As such, her request for leave to file a third amended complaint is denied.

## C.

It is unclear why Defendants at no point filed a motion to dismiss the claims against the City for failure to state a claim. In their response to Plaintiff's motion for reconsideration, Defendants represent that "[t]he Court alluded to the fact that Defendants could have moved for dismissal in their Reply under Rule 12(h)(2)." ECF No. 90 at 5. This mischaracterizes the Court's holding. The Court included a discussion of Rule 12(h)(2) to explain the grounds upon which a party could raise the defense of failure to state a claim. The Court never stated or implied that Defendants could have moved for dismissal in their reply. In fact, the Court held the exact opposite by refusing to dismiss Plaintiff's claim for the precise reason that Defendant had not filed a separate motion to dismiss and instead had only included the argument in responsive briefing.

Defendants argue that they could not have filed a motion to dismiss Plaintiff's claim for failure to state a claim under *Monell* because Plaintiff "did not include any additional allegations which would apprise Defendants as to what theory under *Monell* that she intended to proceed." ECF No. 90 at 6. However, this is at odds with Defendants' contention that Plaintiff failed to state a claim in her second amended complaint. The absence of any *Monell* theory would demonstrate that the claim was deficient because a Section 1983 claim may not be brought against a municipality under a theory of *respondeat superior*. Plaintiff raised no such allegations in her complaint. Thus, Defendants would know that she had failed to state a claim.

**IV.**

Defendant City of Saginaw has moved to stay proceedings pending the appeal by Defendants Cabello and Stemple. ECF No. 89. Federal Rule of Appellate Procedure 8 provides "A party must ordinarily move first in the district court for the following relief: a stay of the judgment or order of a district court pending appeal…" Fed. R. App. Pr. 8(a)(1). In determining whether a stay should be granted, the district court must consider four factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

The City argues that "Defendants Stemple and Cabello have more than a mere possibility of succeeding on appeal." ECF No. 89 at 6. It asserts that the Court erred in its denial of qualified immunity analysis based on *Harris v. City of Akron* and the Michigan Building Code. While the Court maintains the view that qualified immunity for Defendants Stemple and Cabello should be denied, it acknowledges that reasonable minds could disagree on the issue.

The City further argues that it will experience irreparable harm absent a stay due to its potential loss of qualified immunity. *Id.* at 9. It contends that if the Sixth Circuit determines that Defendants Cabello and Stemple are entitled to qualified immunity, it is possible that the City will also be entitled to qualified immunity. It cites to *Gentry v. Wayne County* to support this assertion:

> It is possible…that county "officials may be entitled to qualified immunity for certain actions while the municipality may nevertheless be held liable for the same actions." *Barber v. City of Salem*, 953 F.2d 232, 238 (6th Cir. 1992). But this is only true when the "officer violates a plaintiff's rights that are not 'clearly established.'" *Gray v. City of Detroit*, 399 F.3d 612, 617 (6th Cir. 2005). If the Sixth Circuit finds Carmona did not violate the Constitution at all—one of two possible approaches they could use to reverse this Court—the Court would have to dismiss the entire case. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)

("[None] of our cases authorizes the award of damages against a municipal corporation ... when in fact the jury has concluded that the officer inflicted no constitutional harm.").

*Gentry v. Wayne County*, 2011 WL 13160849 (E.D. Mich., October 17, 2011). Because a similar result could occur in this case, Defendant's motion to stay will be granted. Furthermore, judicial economy calls for a stay of the case as the issues reviewed by the Sixth Circuit may impact those present in this case.

**V.**

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration or alternatively leave to file an amended complaint, ECF No. 85, is **DENIED**.

It is further **ORDERED** that Defendants' motion to stay judicial proceedings, ECF No. 89, is **GRANTED**.

It is further **ORDERED** that the case is **STAYED** until the Sixth Circuit has issued a decision on the appeal of Defendants Stemple and Cabello.

It is further **ORDERED** that Plaintiff and Defendant will submit a proposed scheduling order or closing documents, as appropriate, within thirty days after rulings on the appeal before the Sixth Circuit.

Dated: March 28, 2019            s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge