UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RITA R JOHNSON,

                Plaintiffs,                            Case No. 17-cv-13174

v                                                        Honorable Thomas L. Ludington

CITY OF SAGINAW,
JASON CABELLO,
JOHN STEMPLE

                Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND ORDER TO CERTIFY FOR INTERLOCUTORY APPEAL**

On September 22, 2017, Plaintiff Rita R. Johnson filed suit in the Saginaw County Circuit Court against Defendants City of Saginaw (the "City") and Water Department Worker No. 1. Johnson contended that Defendants "arbitrarily and capriciously turned off the water supply" to her business on May 7, 2011, "without notice or authority." Compl. at 2, ECF No. 10, Ex. B. Defendants removed the case to this Court several days later. ECF No. 1. On September 29, 2017, Johnson filed a motion to remand the case, arguing that it was improperly removed. ECF No. 3. Several days later, Defendants filed a motion to dismiss the suit. ECF No. 7. On December 20, 2017, the Court issued an opinion and order denying the motion to remand, denying the motion to dismiss, and resolving several other miscellaneous motions. ECF No. 23. On January 5, 2018, Johnson filed an amended complaint pursuant to a stipulation. ECF No. 28. The first amended complaint identified Jason Cabello as the water department worker identified anonymously in the original complaint.

Afterwards, the case entered discovery. ECF No. 33. On May 7, 2018, Johnson filed a second amended complaint having obtained leave of the Court. ECF No. 39. The second amended complaint named John Stemple (the Chief Inspector for the City of Saginaw) as another Defendant. On July 19, 2018, Johnson filed a motion for leave to file a third amended complaint which the Court denied. ECF No. 53, 70.

On November 19, 2018, Defendants filed a motion for summary judgment. ECF No. 74. Two days later, Johnson filed a motion for partial summary judgment. ECF No. 75. Defendants' motion was denied. ECF No. 84. Plaintiff's motion was granted in part and denied in part. *Id.* Defendants Stemple and Cabello were found liable, but the City was not. *Id.* Johnson subsequently filed a motion for reconsideration, arguing that she had sufficiently pled facts and a legal theory against the City in her complaint. ECF No. 85. The motion was denied. ECF No. 98.

Defendants filed a notice of appeal. ECF No. 88. The City also filed a motion to stay proceedings pending resolution of Stemple and Cabello's appeal. ECF No. 89. The motion was granted. ECF No. 98.

Plaintiff has now filed a motion to certify for interlocutory appeal the Court's order denying her motion for reconsideration. ECF No. 99. The motion will be denied.

**I.**

**A.**

Rita Johnson owns and operates Rita's Southern Soul Café in Saginaw, Michigan. Am. Compl. at 2, ECF No. 39. She rents out the space on weekends for various events, such as parties, receptions, and baby showers. Johnson Dep. at 16, ECF No. 74-2. On May 5, 2017, Johnson rented the space to Andrick Pruitt for a birthday party. *Id.* at 47–48. Pruitt had hired a security company to provide eighteen security guards for the party. *Id.* at 48; Hearing Transcript May 11, 2017 at 12,

ECF No. 74-3. Some of the guards were wearing bulletproof vests and at least one carried an AK-47 style assault rifle. ECF. No. 74-3 at 16. Around 1:45a.m. the morning of May 6, 2017, approximately sixty shots were fired at the building as the party was still ongoing. ECF No. 74-2 at 47; ECF No. 74-3 at 14; ECF No. 75-12 at ¶12. The Saginaw police chief, Robert Ruth, believed the incident was gang related. ECF No. 74-3 at 80.

The Saginaw police informed Defendant Stemple, Chief Inspector for the City of Saginaw, about the incident and Stemple determined that Johnson's water services should be suspended to prevent any further activities from occurring at the premises. Stemple Dep. at 9, 50, ECF No. 74-4. The evening of May 6, Stemple instructed Joe Gough, Water Department Foreman, to suspend Johnson's water services. Gough Dep. at 6, ECF No. 74-5. Gough contacted Defendant Cabello, a Saginaw Water Department utility worker, to perform the suspension. *Id.* at 7. A work order was issued and Cabello shut off the water services to Johnson's business. Cabello Dep. at 12, 22, ECF No. 74-6.

The City provided Johnson no notice that it was suspending her water services. *Id.* at 16; Gough Dep. at 9–10, ECF No. 75-10. On May 8 however, the City provided her notice that it had suspended her business license. Notice of Suspension, ECF No. 74-8. The notice provided

> PLEASE BE ADVISED THAT PURSUANT TO THE CITY OF SAGINAW ("CITY") CODE OF ORDINANCE, **ALL ACTIVITY** RELATED TO THE USE AND/OR OPERATION OF THE PROPERTY LOCATED AT 110 N. WASHINGTON AVENUE SAGINAW MI 48601, ALSO KNOWN AS "RITA'S SOUTHERN SOUL CAFÉ" (ESTABLISHMENT") IS HEREBY SUSPENDED, **EFFECTIVE MAY 8, 2017**.

*Id.* (bold and underline present in original). The notice further provided that pursuant to Ordinance O-1 Sec. 110.06(F), a hearing would be held on May 11, 2017 where Johnson could present a defense against the suspension. *Id.* The City held the hearing, granting Johnson the opportunity to

be heard and to present witnesses and evidence. *See* Hearing Transcript, May 11, 2017, ECF No. 74-3.

Johnson's water services continued to be suspended following the business license suspension hearing. Johnson claims that she contacted the City requesting that her water services be reinstated, but that her water remained turned off. Johnson Aff. at ¶33, ECF No. 75-12. The City represents that it has no record of Johnson making such a request. ECF No. 74-4 at 26. It was not until after Johnson filed this lawsuit that her water services were reinstated, nearly five months after the City initially suspended them. ECF No. 75-12 at 4.

In her second amended complaint, Johnson asserted two causes of action. Second Am. Compl., ECF No. 39. First, she alleged that Defendants' actions violated her substantive due process rights. She argued that Defendants "arbitrarily and/or capriciously ended [her] delivery of water without any ability or opportunity to have any process or procedure to halt the proposed depravation and/or seek its restoration." *Id.* at 3. She further alleged that "[e]nding water services when there is no on-going violations of City Ordinances or lack of payment makes the continued suspension of water services arbitrary and/or capricious, of such a character to shock the consciousness of this Court; and/or is an unreasonable restriction is [sic] without a valid rational basis." *Id.* In Count Two, Johnson alleged that her procedural due process rights were violated. *Id.* at 5–6. Specifically, Defendants did not provide her with notice before they ended her water services, and they did not provide a hearing prior to or after the hearing.

**B.**

In their motion for summary judgment, Defendants argued that they did not violate Johnson's due process rights and that in the alternative, Defendants Stemple and Cabello were entitled to qualified immunity which would in turn make the City immune from suit. ECF No. 74.

In her response, Plaintiff stated "It is noteworthy and interesting that the City, as a defendant, has not made a separate challenge under *Monell* by their motion for summary judgment." ECF No. 77 at Note 9. In their reply, Defendants stated, "As to the City, Plaintiff points out that a challenge to *Monell* was not raised. An interesting assertion indeed. Plaintiff's Complaint alleges no facts that implicate the municipality under a *Monell* theory of liability." ECF No. 78 at 5. Defendants then argued that nowhere in Plaintiff's initial or amended complaints did she plead facts that would be cognizable under a *Monell* theory against the City. *Id.* at 5–6.

In her separate motion for partial summary judgment, Plaintiff argued that Defendants violated her due process rights and that the City was liable under a *Monell* theory. ECF No. 75. In their response, Defendants made a similar argument presented in their reply, arguing that Plaintiff failed to plead her claim under the *Monell* theory. ECF No. 79 at 18.

Plaintiff's motion for partial summary judgment and Defendants' motion for summary judgment were denied as to the claims against the City. ECF No. 84. The Court explained

> Johnson's second amended complaint does not set forth the necessary allegations for a *Monell* claim. Her complaint only makes allegations related to the single incident in which the City suspended her water services. Nowhere in the amended complaint does it allege that the City had a policy, practice, or procedure of suspending water services without due process. Johnson first raises such an argument in her motion for partial summary judgment. An argument raised in a motion for summary judgment is not a pleading.
>
> However, Johnson's claim against the City of Saginaw will not be dismissed. Defendants have not sought for its dismissal for failure to state a claim. Instead, they only allude to this argument in their response to Johnson's motion for partial summary judgment.

*Id.* at 22. The Court continued to explain that to dismiss a complaint for a failure to state a claim, a party must seek dismissal pursuant to Federal Rule of Civil Procedure 12(h)(2) in "a pleading, by a motion, or at trial." *Id.* at 23. Defendants first raised the argument in Defendants' reply to

their motion for summary judgment and then in their response to Plaintiff's motion for partial summary judgment. As such, the Court held that the claim against the City would not be dismissed.

## II.

Plaintiff has now filed a motion to certify for interlocutory appeal the Court's order denying her motion for reconsideration. 28 U.S.C. §1292 provides

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order…

28 U.S.C. §1292(b).

## III.

Plaintiff contends that there is substantial ground for difference of opinion regarding the pleading standard for a *Monell* claim. She claims that

> Given the lack of cited authority of what must be pled on *Monell* when still otherwise pleading a Section 1983 liability on a municipality and that reasonable jurists could disagree about the [sic] what appears to be this Court's heightened pleading standard for *Monell* liability, the 'substantial ground for difference of opinion' element is met.

ECF No. 99 at 6.

Plaintiff's claim that there is a "lack of cited authority" is belied by the Court's order denying Plaintiff's motion for reconsideration. In the order, the Court cited three separate cases supporting the proposition that a properly pled *Monell* claim contains allegations of a municipality's policy, custom, or practice.

> Regarding claims made under a *Monell* theory, the Sixth Circuit has stated that "a §1983 plaintiff suing a governmental defendant must allege and prove the existence of a policy or custom of violating individuals' rights." *Foster v. Walsh*, 864 F.2d 416, 419 (6th Cir. 1988) (finding that the "failure to plead the existence of such a policy or custom…makes the complaint fatally defective."); *see also Fluellen v. U.S. Dep't of Justice Drug Enforcement Admin.*, 816 F. Supp. 1206, 1215 (E.D. Mich. 1993) ("A complete failure to plead a policy or custom would result in

dismissal."); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (dismissing a claim where "plaintiffs [had] not pled the existence of an unconstitutional practice, custom or policy.").

ECF No. 98 at 7. Contrary to Plaintiff's assertion, this Court has not adopted a "heightened pleading standard for *Monell* liability." As explained in the Court's previous order, a party bringing a *Monell* claim must allege the existence of a practice, custom, or policy. This standard is consistent with that adopted by courts within the Sixth Circuit.

Plaintiff has not demonstrated that the issue of the appropriate pleading standard for a *Monell* claim presents a "substantial ground for difference of opinion." Accordingly, the other two elements under 28 U.S.C. §1292(b) will not be addressed.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's motion to amend order to certify for interlocutory appeal, ECF No. 99, is **DENIED**.

Dated: May 24, 2019

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge