UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RITA R. JOHNSON,

        Plaintiff,                    Case No. 17-CV-13174
v.                                            Hon. Thomas L. Ludington

CITY OF SAGINAW,
JASON CABELLO, and
JOHN STEMPLE,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT, PERMANENT INJUNCTION, AND AWARD OF NOMINAL DAMAGES WITHOUT PREJUDICE**

This matter is before the Court pursuant to Plaintiff's Motion for Declaratory Judgment, Permanent Injunction, and Award of Nominal Damages. ECF No. 106. On September 22, 2017, Plaintiff Rita R. Johnson filed a complaint alleging that the City of Saginaw and two of its officials, Jason Cabello and John Stemple, violated her due process rights by suspending water service to her business after a shootout occurred there in May 2017. ECF No. 1. On February 6, 2019, this Court entered an order granting Johnson summary judgment against Cabello and Stemple as to all issues except damages. ECF No. 84. In doing so, this Court denied Cabello and Stemple qualified immunity. On appeal, the United States Court of Appeals for the Sixth Circuit affirmed this Court's Order except for the denial of qualified immunity for the substantive due process violation. ECF No. 104. Shortly after the mandate issued on December 7, 2020, Johnson filed the pending Motion. ECF No. 106. For the reasons set forth below, Johnson's Motion for Declaratory Judgment, Permanent Injunction, and Nominal Damages will be denied without prejudice.

I.

Plaintiff Rita R. Johnson owned and operated Rita's Southern Soul Café (the "Café") in Saginaw, Michigan.[1] She rented out the Café on weekends for various events, such as parties, receptions, and baby showers. ECF No. 74-2 at PageID.1303. On May 5, 2017, Johnson rented the Café to Andrick Pruitt for a birthday party. *Id.* at PageID.1311. Pruitt hired a security company to provide eighteen security guards for the party. *Id*. At least one guard carried a weapon resembling an AK-47 style assault rifle. ECF. No. 74-3 at 1319. At approximately 1:45 A.M. on May 6, 2017, approximately 60 shots were fired outside the Café while the party was still going. ECF No. 74-3 at PageID.13194. Saginaw Police Chief Robert Ruth believes that the incident was gang related. ECF 74-3 at PageID.1335.

Saginaw police informed Defendant John Stemple, Chief Inspector for the City of Saginaw, about the incident. ECF No. 74-4 at PageID.1345. Stemple determined that Johnson's water services should be suspended to prevent any further activities from occurring at the premises. *Id.* at PageID.1345. On the evening of May 6, 2017, Defendant Stemple instructed Joe Gough, Water Department Foreman, to suspend Johnson's water services. ECF No. 74-5 at PageID1368–69. Gough contacted Defendant Cabello, a Saginaw Water Department utility worker, to terminate Johnson's water service. *Id.* at PageID.1370. A work order was issued, and Cabello shut off the water services to Johnson's business on May 6, 2017. ECF No. 74-6 at PageID.1397–99, 1407.

The City did not provide Johnson with notice that it was suspending her water services. *Id.* at PageID.1401; ECF No. 74-5 at PageID.1372–73. On May 8, however, the City provided Johnson notice that it had suspended her business license. ECF No. 74-8. The notice stated,

> PLEASE BE ADVISED THAT PURSUANT TO THE CITY OF SAGINAW ("CITY") CODE OF ORDINANCE, **ALL ACTIVITY** RELATED TO THE USE

---

[1] The facts stated here are largely a restatement of the facts discussed in the Order Granting Partial Summary Judgment. *See* ECF No. 84 at PageID.1806–08.

AND/OR OPERATION OF THE PROPERTY LOCATED AT 110 N. WASHINGTON AVENUE SAGINAW MI 48601, ALSO KNOWN AS "RITA'S SOUTHERN SOUL CAFÉ" ("ESTABLISHMENT") IS HEREBY SUSPENDED, **EFFECTIVE MAY 8, 2017**.

*Id.* at PageID.1429 (emphasis original). The notice further stated that pursuant to Saginaw's Code of Ordinances § 110.06(F), a hearing would be held on May 11, 2017 where Johnson could present a defense against the suspension of her business license. *Id.* The hearing was conducted as scheduled on May 11, 2017. *See* ECF No. 74-3.

Johnson's water services continued to be suspended following the license hearing. Johnson claims that she contacted the City requesting that her water services be reinstated, but that her water remained turned off. ECF No. 75-12 at PageID.1692. Johnson's water service was eventually reinstated on October 3, 2017, more than three months after the hearing. ECF No. 75-12 at PageID.1692.

Johnson's Second Amended Complaint asserted two causes of action. Count I alleged that Defendants' decision to suspend Johnson's water service was arbitrary and capricious and therefore violated her substantive due process rights. ECF No. 39 at PageID.668–69. Count II alleged that Defendants failed to provide Johnson with a pre-deprivation notice and hearing and therefore violated her right to procedural due process. *Id.* at PageID.669–70. As previously stated, Johnson was granted summary judgment against Cabello and Stemple on all issues except remedies but denied summary judgment against the City. ECF No. 84 at PageID.1828. On appeal, the Sixth Circuit held that Cabello and Stemple were entitled to qualified immunity for the substantive due process claim. ECF No. 104 at PageID.2188. Accordingly, the remaining question as to Cabello and Stemple is one of remedies for the violation of Johnson's procedural due process rights. Johnson's pending Motion seeks to resolve that question at least in part.

## II.

Johnson seeks three forms of relief: (1) a declaratory judgment, (2) a permanent injunction, and (3) an award of nominal damages for the procedural due process violation. ECF No. 106 at PageID.2208–09. Johnson also requests that "the final determination of economic and punitive damages" be submitted to the jury and that the issue of attorney fees and costs be left to post-judgment motion practice. *Id.* at PageID.2209. For reasons explained below, Johnson's Motion is premature, at best, and will therefore be denied without prejudice.

### A.

Johnson first seeks a "declaratory judgment finding the acts of Defendants . . . unconstitutional under the Due Process Clause." ECF No. 106 at PageID.2208–09.

The Declaratory Judgment Act states, "In a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). District courts enjoy "substantial discretion" when deciding whether to exercise declaratory jurisdiction "because facts bearing on the usefulness of the declaratory judgment remedy, and fitness of the case for resolution, are peculiarly within their grasp." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (internal quotation marks and citation omitted). In deciding whether to exercise declaratory jurisdiction, courts of this circuit consider the following five factors:

(1) whether the judgment would settle the controversy;

(2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";

>   (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
>
>   (5) whether there is an alternative remedy that is better or more effective.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

Johnson argues that even though she has already been granted partial summary judgment, "no changes [] have been effectuated by the City [] to halt [the] unconstitutional action [at issue here] from occurring again." *Id.* at PageID.2206. Defendants, in response, contend that Johnson's requested declaratory judgment would not resolve an "actual controversy" because the constitutionality of suspending Plaintiff's water service has already been decided by this Court and the Sixth Circuit. ECF No. 108 at PageID.2219–2222.

Defendants are correct. The controversy regarding the constitutionality of the water service suspension has been conclusively resolved. As this Court held, and the Sixth Circuit affirmed, suspending the Café's water service without notice or hearing deprived Johnson of procedural due process, and Defendants' arbitrary and capricious reasoning for doing so violated substantive due process. This is true even if, as the Sixth Circuit held, Johnson's substantive right to the water service was not clearly established for purposes of qualified immunity. Furthermore, Johnson's fear of a similar suspension in the future is based on little more than speculation. *See* ECF No. 109 at PageID.2228–29. There is no evidence that Defendants intend to suspend Johnson's water service again, let alone for arbitrary reasons or without pre-deprivation process.[2] Accordingly, the constitutionality of the water suspension is not an actual controversy over which this Court can exercise declaratory jurisdiction.

---

[2] This Court's prior holding that it was "reasonable to expect" the City to "continue in its current pattern of behavior" was made in the context of Defendants' mootness defense. *See* ECF No. 84 at PageID.1827–28. The same expectation would no longer be reasonable given the Sixth Circuit's opinion in this case.

Moreover, even if the constitutionality of the suspension were an actual controversy, the *Scottsdale* factors would counsel against the exercise of declaratory jurisdiction.

First, the declaratory judgment would not settle the controversy because Plaintiff intends to pursue compensatory and punitive damages as well as a permanent injunction. Second, the declaratory judgment would not serve a useful purpose in clarifying the legal relations at issue because the Sixth Circuit has already decided that suspending Plaintiff's water service under the relevant circumstances violated procedural and substantive due process. *See* ECF No. 104 at PageID.2179–87. The third and fourth factors are inapplicable because this case presents no issues regarding "procedural fencing" or state and federal court comity. With respect to the fifth factor, there is an alternative and more appropriate remedy: damages—a remedy that Johnson intends to seek from the jury.

Based on the foregoing, granting Plaintiff's request for a declaratory judgment would be inappropriate at this juncture and, therefore, her request will be denied without prejudice.

**B.**

Johnson also seeks a permanent injunction "enjoining [] the arbitrary/capricious termination of delivery of [Plaintiff's] potable [water] at [the Café] without sufficient prior- or post- due process notice [sic]." ECF No. 106 at PageID.2208–09. Presumably, Johnson seeks to enjoin the arbitrary and capricious termination of water service *and* the termination of water service without pre-deprivation process.

"Injunctive relief is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *EMW Women's Surgical Ctr., P.S.C. v. Friedlander*, 978 F.3d 418, 429 (6th Cir. 2020) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). "A party is entitled to a permanent injunction if it can establish that it

suffered a constitutional violation and will suffer continuing irreparable injury for which there is no adequate remedy at law." *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 602 (6th Cir. 2006) (internal quotation marks omitted). "If [a plaintiff] succeed[s] in demonstrating an actual constitutional violation and continuing irreparable injury, [she] must also show 'that the public interest would not be disserved by a permanent injunction.'" *EMW Women's Surgical Ctr., P.S.C.*, 978 F.3d at 429 (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

Although Johnson suffered a constitutional violation, there is no evidence of a "continuing irreparable injury for which there is no adequate remedy at law." *Women's Med. Prof'l Corp.*, 438 F.3d at 602.

First, Johnson's water service was restored in October 2017 and has not been suspended since. To make the prospect of future suspensions seem plausible, Johnson points to a passage in Stemple's deposition where he testified that if the same events were to occur at another business, he would suspend the water service there as well. *See* ECF No. 74-4 at PageID.1351. This testimony was given in July 2018, long before the dispositive opinions of this Court and the Sixth Circuit were issued. Additionally, Johnson offers no authority for the proposition that the possibility of a future violation constitutes an "ongoing" injury. Similarly, "the fact that a harm occurred in the past does nothing to establish a real and immediate threat that it will occur in the future, as is required for injunctive relief." *Kanuszewski v. Michigan Dep't of Health & Human Servs.*, 927 F.3d 396, 406 (6th Cir. 2019) (internal quotation mark omitted).

Second, even if Johnson's injury were "ongoing," there is no indication that it would be irreparable. "[T]he hallmark of irreparable injury is the unavailability of money damages to redress the injury." *Caspar v. Snyder*, 77 F. Supp. 3d 616, 640 (E.D. Mich. 2015) (citing *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 550 (6th Cir. 2007)). In

this case, Johnson not only acknowledges the availability of damages but actively seeks to recover them.

Furthermore, while an "[i]rreparable injury may be presumed when there is a constitutional violation," *Caspar*, 77 F. Supp. 3d at 640, a due process injury is irreparable only "when there is no legal avenue open . . . by which to recoup [] financial losses." *United States v. Michigan*, 230 F.R.D. 492, 495 (E.D. Mich. 2005) (quoting *Mich. Bell Telephone Co. v. Engler*, 257 F.3d 587, 598 (6th Cir.2001)); *see also Pub. Serv. Co. of New Hampshire v. Town of W. Newbury*, 835 F.2d 380, 382 (1st Cir. 1987) ("The alleged denial of procedural due process, without more, does not automatically trigger [] a finding [of irreparable injury]."). The reasoning is simple. Due process, unlike the freedom of speech and similar rights, is not "of such qualitative importance" that any "temporary deprivation" is deemed "to be irremediable by any subsequent relief." *See Pub. Serv. Co. of New Hampshire*, 835 F.2d at 382. Indeed, Johnson does not claim to have suffered any "irremediable" injuries in the Second Amended Complaint or the recent briefing.

Johnson correctly notes, however, that she cannot recover damages for the substantive due process violation because Cabello and Stemple are entitled to qualified immunity. ECF No. 106 at PageID.2208. She thus argues that if "another event occurs near [the Café], there is nothing that protects her, absent [a permanent injunction], from having the same thing happen over again." *Id.* at PageID.2209.

Johnson's argument is unpersuasive because it incorrectly assumes that if Defendants arbitrarily suspended her water service again, damages would be unavailable for violation of substantive due process. Damages were only foreclosed in this case because the Sixth Circuit found that her substantive due process right was not "clearly established." Defendants would be unwise to expect the same treatment again—a point which they seem to acknowledge. *See* ECF No. 108

at PageID.2223 ("[The Sixth Circuit opinion] suggests that Stemple and Cabello are now aware that this conduct will be unconstitutional if similar future circumstances are present and the right clearly established.").

Based on the foregoing, Johnson has not demonstrated a continuing irreparable injury for which there is no legal remedy. Her request for a permanent injunction will be denied.

C.

Johnson additionally requests an award of nominal damages for the procedural due process violation. ECF No. 106 at PageID.2205–06. Nominal damages are typically awarded when a civil rights litigant proves a violation of law but cannot prove a consequential injury. *See Pouillon v. Little*, 326 F.3d 713, 716 (6th Cir. 2003). "The awarding of nominal damages for the absolute right to procedural due process recognizes the importance to organized society that [this] righ[t] be scrupulously observed while remain[ing] true to the principle that substantial damages should be awarded only to compensate actual injury." *Farrar v. Hobby*, 506 U.S. 103, 112 (1992) (internal quotation marks omitted) (alterations original). Supreme Court precedent thus "obligates a court to award nominal damages when a plaintiff establishes the violation of his right to procedural due process but cannot prove actual injury." *Id.*

Johnson contends that she is entitled to nominal damages as a matter of law before the jury decides whether she has suffered any actual injury. Indeed, to a certain degree, she asks that it be presumed that she cannot prove an actual injury. The principal authority she cites in support is the dissenting opinion in *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456 (6th Cir. 2007), where Judge Clay, citing *Farrar*, noted that "[a]t a minimum, where a deprivation of rights has occurred, nominal damages must be awarded." *Id.* at 481. Judge Clay's remark is nothing more

than a restatement of *Farrar*. As such, Johnson identifies no authority for her theory of nominal damages as awardable-upon-demand.[3]

Moreover, Johnson offers no reason why nominal damages should be addressed now rather than when she makes her damages proffer to the jury. Indeed, while nominal damages serve an important role in civil rights litigation, "the basic purpose of a § 1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights." *Farrar*, 506 U.S. at 112. An award of nominal damages just "highlights the plaintiff's failure to prove actual, compensable injury." *Id.* at 113.

Accordingly, nominal damages will not be addressed until the issue of compensatory and punitive damages is properly submitted to the jury.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Declaratory Judgment, Permanent Injunction, and Award of Nominal Damages, ECF No. 106, is **DENIED WITHOUT PREJUDICE**.

Dated: March 11, 2021

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

[3] Shortly after briefing on Plaintiff's Motion was complete, the Supreme Court decided *Uzuegbunam v. Preczewski*, No. 19-968, 2021 WL 850106 (U.S. Mar. 8, 2021). There, the Supreme Court held that "a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right." *Id.* at \*7. While the Supreme Court clarified that "[n]ominal damages are not a consolation prize for the plaintiff who pleads, but fails to prove, compensatory damages," *id.* at \*6, the Court did not hold that nominal damages must be awarded upon demand when the plaintiff also seeks compensatory and punitive damages.